UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

KEVIN BRIGGS,

    Petitioner,

vs.

WARDEN SPEARMAN,

    Respondent.

No. C 15-5332 NJV (PR)

**ORDER OF DISMISSAL**

Petitioner, a former state prisoner, proceeds with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered Petitioner to show cause why this case should not be dismissed as untimely and as moot. (Doc. 12.) Petitioner has filed a response. (Doc. 17.)

## BACKGROUND

Petitioner challenges a parole revocation from November 2006. He appears to argue that the legislation and injunction stemming from *Valdivia v. Brown,* No. C 94-0671 LKK GGH (E.D. Cal.), which provided inmates facing parole revocation with certain rights, should be made retroactive to his 2006 hearing. He seeks a restoration of one year of credits and a removal of the violation from his record.[1] Petitioner was released from prison on February 25, 2016. Docket No. 19.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

---

[1] It appears that when this petition was filed, petitioner was incarcerated on a different underlying conviction. *See Briggs v. State of California*, No. C 15-4576 (N.D. Cal. 2015); *People v. Briggs*, 2014 WL 4471546, at *1 (Cal. Ct. App. Sep. 11, 2014).

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

## B.     Analysis

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the dates on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Petitioner challenges a 2006 parole revocation and has not sufficiently addressed why this case should not be dismissed as untimely. He did not appeal his parole revocation in state court until 2014, nine years after the revocation. He is not entitled to statutory tolling for this period and has not presented any arguments for equitable tolling. This case is untimely as it was filed many years after the expiration of the statute of limitations.

Petitioner has already served the one year parole revocation term and while he was recently incarcerated for another conviction, he has been released from custody. Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Once the petitioner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained and not considered moot. *Id.*

The presumption of collateral consequences that is applied to criminal convictions does not extend to parole revocations. *See Spencer v. Kemna*, 523 U.S. 1, 13 (1998); *Lane v. Williams*, 455 U.S. 624, 632-33 (1982). A petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the underlying sentence has expired, *see Spencer*, 523 U.S. at 14-18, or if the term imposed for violating parole has been served, *see Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served). Claims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, or use against him should he appear as a defendant in a future criminal proceeding do not constitute sufficient proof of collateral consequences. *See Spencer*, 523 U.S. at 14-16.

Petitioner argues that as a result of the parole revocation he must be held at a higher security level while in prison, is restricted from general population or low level security yards, cannot go to fire camps, and cannot earn good time credits. Yet, petitioner was released from custody so all of the alleged restrictions are moot. His arguments that the prior revocation could prevent further parole if he is again incarcerated do not demonstrate sufficient collateral consequences. *See Spencer*. For all these reasons, the petition is dismissed.

**CONCLUSION**

The petition is **DISMISSED**. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: March 24, 2016.

NANDOR J. VADAS
United States Magistrate Judge